### BRAYLEY v. GOFF ET AL.

1. **Partnership:** WARRANTY. G. and O. were partners in the purchase with warranty of a threshing machine, for which they executed their promissory note. In an action on the note, where O. made default, it was *held* that G. alone could plead in defense the breach of the contract of warranty.

2. ——: ——: EVIDENCE. A release of liability upon the contract of warranty, executed by O. in the name of the firm after he had sold his interest in the machine, was not admissible to bind G.

*Appeal from Pottawattamie District Court.*

### WEDNESDAY, DECEMBER 9.

ACTION on a promissory note. Verdict and judgment for defendants. Plaintiff appeals. The facts of the case appear in the opinion.

*Paige & Clarke,* for appellant.

*Hale & Stone* and *B. F. Montgomery,* for appellees.

BECK, J.—The facts of the case are these: Defendant, Goff, and one Orr, as partners, purchased a threshing machine of plaintiff for which the note sued on was executed by them individually, with two sureties. The action was brought against all the signers of the note. The machine was warranted by the payee of the note at the time of the purchase. Orr made default and judgment was entered against him thereon. Goff pleaded breach of warranty, and set up the damages thereon as a defense to the action. One of the sureties filed a like answer; the other was not served. The defense pleaded by Goff was established by the evidence, and the court by an instruction directed the jury, if they so found, that the damages proved should, in their verdict, be set off against the amount of the note. Upon these facts this question arises:

1. Did the defendant, Goff, and the surety answering have

the right to set off the damages upon the contract of warranty in this action?

It cannot be doubted that all the defendants, by proper pleading, could have, either unitedly or separately, set up the defense made by Goff. Did the failure of one defendant so to do, deprive the others of the right? The note was a partnership transaction, and so far as Goff and Orr are concerned, must be regarded as a partnership note. Goff then, as a defense thereto, could plead the breach of the contract of warranty made with the firm by the plaintiff. The fact that Orr did not join in the plea, or refused to join, could not affect Goff's right to make the defense. No question is raised as to the surety's right to join Goff in the defense.

*1. PARTNER-SHIP: warranty.*

II. The evidence establishes the fact that Orr, before the commencement of the suit, sold his interest in the machine to one Smith, and that Goff afterward purchased that interest of Smith, and agreed to pay the note in suit in consideration, or in part consideration, of the purchase. We also understand that the partnership existing between Goff and Orr was limited to the threshing machine. Smith thus took Orr's place in the firm, and Goff became the sole owner of the partnership property, and representative of the firm.

*2. ——: ——: evidence.*

After Goff had filed his answer, setting up the defense to the note founded upon the breach of warranty, the plaintiff procured Orr to execute, without the knowledge or consent of Goff, a release, in the name of the firm of Orr & Goff, relinquishing all claim for damages on account of defects in the machine. The plaintiff offered this writing in evidence, but its admission was refused by the court. This ruling is assigned as a ground of error. We think it was correct. When the instrument was executed Orr had ceased to have any interest in the firm property, and by his sale thereof, had ceased to be a member of the firm. He had no authority to execute the release. The fraudulent character of the release is apparent.

AFFIRMED.